UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| California Communities Against Toxics, Coalition For A Safe Environment, and Sierra Club,<br><br>        Plaintiffs,<br>v.<br><br>Michael S. Regan, Administrator, U.S. Environmental Protection Agency,<br><br>        Defendant. | Case No. 1:22-cv-1012-CRC |

**Consent Decree**

This consent decree is entered into by Plaintiffs California Communities Against Toxics, Coalition For A Safe Environment, and Sierra Club, and Defendant Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency (EPA) (each a Party and collectively the Parties).

WHEREAS, on April 12, 2022, Plaintiffs filed a complaint that, as amended (on July 6, 2022), alleges that EPA violated Section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a), by (A) failing to perform its non-discretionary duties under 42 U.S.C. § 7412(d)(6) to (1) review National Emission Standards for Hazardous Air Pollutants for Oil and Natural Gas Production and Natural Gas Transmission and Storage, 40 C.F.R. part 63, subparts HH and HHH, (the Oil and Gas Standards) and (2) promulgate a rule that either revises the standards as necessary or determines that no revision is necessary; and (B) unreasonably delaying reconsideration of and final action on Plaintiffs' 2012 petition for reconsideration (the Reconsideration Petition) of the

final rule Oil and Natural Gas Sector: New Source Performance Standards and National Emission Standards for Hazardous Air Pollutants Reviews, 77 Fed. Reg. 49,490 (Aug. 16, 2012) (the 2012 Rule).

WHEREAS, the amended complaint requests, among other relief, declaratory judgment that EPA violated the Clean Air Act and, and an order compelling EPA to take those actions by deadlines specified by the Court;

WHEREAS, on December 14, 2016, in a letter to Plaintiffs' counsel "regarding the status of the EPA's evaluation of [the Reconsideration Petition]," EPA stated that its "process for reconsideration of the 2012 [Rule] was still ongoing" and that EPA was "reviewing" three issues raised in the Reconsideration Petition, including the "[p]rovision of an affirmative defense to civil penalties for violations of emission standards that are caused by malfunctions";

WHEREAS, on January 11, 2017, in a motion it filed with the U.S. Court of Appeals for the District of Columbia Circuit, Case No. 12-1405, EPA stated that in the "proposal [on reconsideration], EPA . . . intends to address [a] recent[] decision[] of this Court, which [is] relevant to some of the issues on . . . reconsideration. See . . . Natural Resources Defense Council v. EPA, 749 F.3d 1055 (D.C. Cir. 2014)."

WHEREAS, on October 6, 2017, EPA "conven[ed] a proceeding to reconsider" two issues raised in the Reconsideration Petition and stated its intention to take final action on the remaining requests for reconsideration of the 2012 Rule.

WHEREAS, as part of its review of the Oil and Gas Standards, EPA intends to issue information collection requests under 42 U.S.C. § 7414 to certain facilities;

WHEREAS, EPA intends to complete reconsideration of the 2012 Rule on the same schedules as agreed to below for the section 112(d)(6) rulemaking;

WHEREAS, the Parties wish to settle this case without expensive and protracted litigation, and without a litigated resolution of any issue of law or fact;

WHEREAS, the Parties, by entering into this consent decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, the Parties consider this consent decree to be an adequate and equitable resolution of the claims addressed;

WHEREAS, EPA has completed the process for public participation required by Clean Air Act Section 113(g), 42 U.S.C. § 7413(g), and has determined not to withdraw or withhold consent to this consent decree; and

WHEREAS, the Court, by entering this consent decree, finds that it is fair, reasonable, in the public interest, and consistent with the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*;

NOW THEREFORE, without determination of any issue of fact or law, and upon the Parties' consent, it is ORDERED that:

1. This Court has subject-matter jurisdiction to order the relief provided in this consent decree. Venue is proper in the U.S. District Court for the District of Columbia.

2. On or before February 12, 2024, EPA shall sign a proposed rule under Section 112 of the Clean Air Act, 42 U.S.C § 7412, addressing the portion of the Reconsideration Petition involving provisions of affirmative defense to civil penalties for violations of emissions standards caused by malfunctions, 40 C.F.R. §§ 63.762, 63.1272.

3. On or before December 10, 2024, EPA shall sign a final rule under Section 112 of the Clean Air Act, 42 U.S.C § 7412, addressing the portion of the Reconsideration Petition involving provisions of affirmative defense to civil penalties for violations of emissions standards caused by malfunctions, 40 C.F.R. §§ 63.762, 63.1272.

4. On or before December 10, 2024, EPA shall sign a proposed rule on its review of the Oil and Gas Standards, including all "necessary" revisions (taking into account developments in practices, processes, and control technologies) to subparts HH and HHH under Section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6), and all other revisions under Section 112, 42 U.S.C. § 7412, needed to address each of the remaining issues in the Reconsideration Petition that are under reconsideration.

5. On or before December 10, 2025, EPA shall sign a final rule on its review of the Oil and Gas Standards, including all "necessary" revisions (taking into account developments in practices, processes, and control technologies) to subparts HH and HHH under Section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6), and all other revisions under Section 112, 42 U.S.C. § 7412, needed to address each of the remaining issues in the Reconsideration Petition that are under reconsideration.

6. Upon taking each proposed and final action described in Paragraphs 2 through 5, the appropriate EPA official shall, within 15 business days of signature, forward each such document to the Office of the Federal Register for review and publication in the Federal Register.

7. Within 7 business days after forwarding the documents described in Paragraph 6, EPA shall send copies of those documents to Plaintiffs.

8. The deadlines established by this consent decree, including the periods set forth in Paragraphs 2 through 7, may be extended (A) by written stipulation of the Parties with notice to the Court, or (B) by the Court upon motion by EPA for good cause shown under the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this consent decree may be modified by the Court following motion by a Party for good cause shown under the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving Party and any reply.

9. The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA could delay compliance with the timetables in this consent decree. If a lapse in appropriations for EPA occurs within 120 days before any deadline in this decree, including but not limited to the periods set forth in Paragraphs 2 through 7, that deadline shall be automatically extended one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the parties or modification of this consent decree under Paragraph 8.

10. The Parties shall not challenge in court this consent decree's terms or this Court's jurisdiction to enter and enforce this consent decree.

11. The Parties agree that this consent decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted in this case.

12. The Court shall retain jurisdiction to determine and effectuate compliance with this consent decree, to resolve any disputes under it, and to consider any requests for costs of

litigation, including attorney fees. After publication of notice in the Federal Register for the actions described in Paragraphs 2 through 5 has been completed and after resolution of Plaintiffs' claim for costs of litigation (including attorney fees), EPA may move to have this consent decree terminated. Plaintiffs shall have 30 days in which to respond to such motion (unless the Parties stipulate to a longer period).

13. Nothing in this consent decree shall be construed to limit or modify any discretion given to EPA by the Clean Air Act or by general principles of administrative law in taking the actions that are the subject of this consent decree, including discretion to alter, amend, or revise actions contemplated by this consent decree. EPA's obligation to perform the actions specified in Paragraphs 2 through 7 does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Nothing in this consent decree shall be construed as an admission of any issue of fact or law nor as a waiver or limitation regarding any claim or defense, on any grounds, related to any EPA action addressed in this decree or any aspect of the amended complaint.

15. Nothing in this consent decree shall be construed to confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the U.S. Court of Appeals under 42 U.S.C. § 7607(b)(1). Nothing in the terms of this consent decree shall be construed to waive, limit, or modify any remedies, rights to seek judicial review, or defenses the Parties may have under 42 U.S.C. § 7607(b)(1).

16. The Parties acknowledge that the obligations imposed on EPA under this consent decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this decree shall be interpreted as or constitute a commitment or requirement

that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

17. Any notices required or provided for by this consent decree shall be made in writing and sent to the following (or to any new address of counsel as filed and listed in the docket of this matter, at a future date):

For Plaintiffs California Communities Against Toxics, Coalition For A Safe Environment, and Sierra Club:

Adrienne Y. Lee
Adam Kron
Earthjustice
1001 G St. NW, Suite 1000
Washington, D.C. 20001
Emails: alee@earthjustice.org
akron@earthjustice.org

For Plaintiff Sierra Club:

Andres Restrepo
Sierra Club
50 F St. NW, 8th Floor
Washington, D.C. 20001
Email: andres.restrepo@sierraclub.org


For Defendant:

Sue Chen
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 305-0283
Sue.Chen@usdoj.gov

7

18. If the Parties dispute the interpretation or implementation of any aspect of this consent decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot resolve the dispute within 15 business days after receipt of the notice (or a longer period as stipulated by the Parties), either Party may move the Court to resolve the dispute.

19. No motion or other proceeding seeking to enforce this consent decree or for contempt of Court shall be filed unless the Party seeking to enforce this decree has followed the procedure set forth in Paragraph 18.

20. It is expressly understood and agreed that this consent decree was jointly drafted by Plaintiffs and EPA. The Parties thus agree that any and all rules of construction that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning this decree's terms, meaning, or interpretation.

21. The deadline for filing a motion for Plaintiffs' costs of litigation (including reasonable attorney fees) for activities performed before entry of this consent decree is hereby extended until 90 days after this decree is entered by the Court. During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including reasonable attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including reasonable attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

22. If for any reason the Court declines to approve this consent decree in the form presented, this agreement is voidable at the sole discretion of either Party and the proposed decree's terms may not be used as evidence in any litigation between the Parties.

23. This consent decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

24. The undersigned representatives of the Parties certify that they are fully authorized by the Party they represent to consent to the Court's entry of the terms and conditions of this decree.

SO ORDERED on this 17th day of April, 2023.

_____
Christopher R. Cooper
United States District Judge

For Plaintiffs

/s/ *Adrienne Y. Lee*
Adam Kron (D.C. Bar No. 992135)
Adrienne Y. Lee (D.C. Bar No. 1742666)
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
(202) 667-4500
akron@earthjustice.org
alee@earthjustice.org

*Counsel for Plaintiffs California Communities Against Toxics, Coalition For A Safe Environment, and Sierra Club*

/s/ *Andres Restrepo*
Andres Restrepo (D.C. Bar No. 999544)
SIERRA CLUB
50 F St. NW, 8th Floor
Washington, D.C. 20001
(301) 367-7572
andres.restrepo@sierraclub.org

*Counsel for Plaintiff Sierra Club*

Dated: 4/12/2023


For Defendant

Todd Kim
Assistant Attorney General

SUE CHEN
Digitally signed by SUE CHEN
Date: 2023.04.13 16:01:45 -04'00'

Sue Chen
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 305-0283
Sue.Chen@usdoj.gov

Dated: _____